UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ASIF ALTAF, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION, f/k/a Countrywide Financial Corporation; COUNTRYWIDE HOME LOANS, INC.; and DOES 1-20,<br><br>Defendants. | Civil Action No. |

### NOTICE OF REMOVAL

Defendants Bank of America, N.A., improperly sued as "Bank of America, National Association f/k/a Countrywide Financial Corporation" ("Bank of America"), and Countrywide Home Loans, Inc. ("Countrywide") (collectively, Bank of America and Countrywide are "Defendants") by their attorney, hereby removes the above-captioned action, Civil Action No. 10-ch-28476, currently pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois. Removal is based on 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction), and authorized by 28 U.S.C. §§ 1441 and 1446. As grounds for removal, Defendants state as follows:

### BACKGROUND

1. Plaintiff Asif Altaf ("Plaintiff" or "Altaf") commenced this action on or about July 1, 2010, by filing a complaint ("Complaint") with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Chancery Division (the "State Court Action"). The State

1

Court Action was assigned Civil Action Number 10-ch-28476.

2. Plaintiff's Complaint alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), Illinois's Forcible Entry and Detainer Act, 735 ILCS 5/9-101 *et. seq.* ("FEDA"), Illinois's Consumer Fraud Act, 815 ILCS 505/1 *et. seq.* ("ICFA"), trespass, negligence and for declaratory judgment.

## STATUTORY REQUIREMENTS

3. The Court has jurisdiction over Plaintiff's putative class action because it arises under the laws of the United States. *See* 28 U.S.C. § 1331.

4. This case, brought as a putative class action, arises from a certain mortgage loan ("Loan") securing real property owned by Plaintiff ("Property"), which Plaintiff alleges that either Bank of America and Countrywide services. *See* Complaint ¶¶ 13, 46.

5. Plaintiff's Complaint further claims that Defendants and their alleged agents, among other things, attempted to illegally entered his home improperly to secure and winterize the property secured by the Loan without a valid ownership interest (*see* Complaint at ¶ 20); (b) that such actions allegedly caused Plaintiff and his family to move out of the Property (see Complaint at ¶¶ 21-22), and that those actions constituted improper collection activities on the Loan (*see* Complaint at ¶ 47). Plaintiff specifically alleges that Bank of America violated the FDCPA, as defined above. *See* Complaint at ¶¶ 43-50. Plaintiff also seeks recovery under certain state statutes and the common law for the same actions that Plaintiff alleges violate the FDCPA. *See* Complaint at ¶¶ 29-42; 51-62.

6. This Court is granted original jurisdiction in all cases arising under the laws of the United States. 28 U.S.C. § 1331. Plaintiff's Complaint arises under the laws of the United States because the FDCPA is a law of the United States and Count IV of the Complaint arises

under the FDCPA. *See* 15 U.S.C. § 1692k (providing for a private right of action under the FDCPA).

7. This Court also has supplemental jurisdiction over Plaintiff's state law claims because they are so related to the federal claims that they form part of the same cause or controversy. *See* 28 U.S.C. § 1367. Indeed, the factual basis for each of Plaintiff's state law claims is identical to the factual basis for Plaintiff's claim under the FDCPA. *Compare* Complaint at ¶¶ 43-50 *with* Complaint at ¶¶ 29-42; 51-62. Plaintiff's claims beyond the FDCPA do not raise novel or complex issues of state law, and Plaintiff's claims that do not have a federal statutory basis do not substantially predominate over Plaintiff's federal claims. *See* 28 U.S.C. § 1367(c).

8. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

## PROCEDURAL REQUIREMENTS

9. <u>Removal to this Court is Proper</u>. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), Bank of America files this Notice of Removal in the United States District Court for the Northern District of Illinois, which is the federal district court embracing the state court where the State Court Action was filed – Cook County, Illinois.

10. <u>Removal is Timely</u>. The Complaint was first filed by Plaintiffs with the Circuit Court of Cook County, Chancery Division, on July 1, 2010. Defendants did not receive, by service or otherwise, any copy of the Complaint prior to July 1, 2010. Defendants have filed this Notice within 30 days after the filing of the Complaint in State Court Action, and as such, removal is timely. *See* 28 U.S.C. § 1446(b).

11. <u>Consent to Removal</u>. Bank of America and Countrywide are the only identified defendant in this action. Therefore, all parties joined and served as defendants in the State Court Action have joined in and consented to this Notice of Removal. *See* 28 U.S.C. §§ 1441, 1446.

12. <u>Bond and Verification</u>. Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal. Pursuant to Section 1016 of the Act, this Notice need not be verified.

13. <u>Signature</u>. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

14. <u>Pleadings and Process</u>. Attached hereto as Exhibit A is a copy of all process, pleadings, and orders received by Defendants and/or filed in the State Court Action, including the Complaint. *See* 28 U.S.C. § 1446(a). Defendants have paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice.

15. <u>Notice</u>. Defendants will promptly serve upon Plaintiff's counsel, and file with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Chancery Division, a Notice of Removal to All Adverse Parties. *See* 28 U.S.C. §§ 1446(a), (d). A copy of the Notice of Removal to All Adverse Parties is attached hereto as Exhibit B with its exhibits omitted. Defendants will also file with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Chancery Division a Notice of Filing of Notice of Removal, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit C with its exhibits omitted.

WHEREFORE, this action should proceed in the United States District Court for the Northern District of Illinois, as an action properly removed thereto.

Dated: July 30, 2010   BANK OF AMERICA, N.A. and
                       COUNTRYWIDE HOME LOANS, INC.


                       _____/s/ Howard L. Teplinsky_____
                       Howard L. Teplinsky (6197501)
                       BEERMAN SWERDLOVE LLP
                       161 North Clark Street, Suite 2600
                       Chicago, Illinois  60601
                       312.621.9700 (phone)
                       312.621.0909 (facsimile)
                       hteplinsky@beermanlaw.com

                       OF COUNSEL:
                       Brook L. Ames
                       GOODWIN PROCTER LLP
                       53 State Street
                       Boston, MA  02109
                       617.570.1000 (phone)
                       617.523.1231 (facsimile)
                       bames@goodwinprocter.com

CERTIFICATE OF SERVICE

      I hereby certify that on July 30, 2010 a true copy of the foregoing Notice of Removal was served by U.S. First Class Mail upon counsel for Plaintiff Asif Altaf at the following addresses:

Ilan Chorowsky  
Progressive Law Group, PLLC  
505 N. LaSalle, Suite 350  
Chicago, IL  60654

The Law Office of Kelli Dudley  
9130 S. Houston Ave.  
Chicago, IL  60617

The Chicagoland & Suburban Law Firm, P.C.  
248 S. Marion Street, Suite 104  
Oak Park, IL  60302

Dated: July 30, 2010

                                                  /Howard L. Teplinsky/